# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 19-06674 BKT |
| HERNANDEZ ONEILL, SAUDDY NOEMI | * | CHAPTER 13 |
| xxx-xx-1670 | | |
| LAUREANO COLON, JOAN | * | |
| xxx-xx-7319 | | |
| | * | |
| DEBTORS | | |

## NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COME NOW, **SAUDDY NOEMI HERNANDEZ ONEILL and JOAN LAUREANO COLON,** the Debtors in the above captioned case, through the undersigned attorney and very respectfully state and pray as follows:

1. The Debtors are hereby submitting an amended Chapter 13 Plan, dated February 24, 2020, herewith and attached to this motion.

2. The Plan is amended to **modify/change Part 2, Section 2.1 to increase the proposed Plan base to $27,804.00; Part 3, Section 3.1 to provide for the correct amount to be paid through the Plan for pre-petition arrears to BPPR (mortgage arrears) and Popular Auto (auto loan arrears); Part 3, Section 3.7 to provide for the correct sum to be paid in full (100%) to First Bank (Claim No. 3-1); Part 4, Section 4.4, to provide for a priority claim filed by the IRS (Claim No. 2-1); Part 4 Section 4.6 to provide for the correct amount to be paid for car insurance; Part 8 Section 8.4, to provide for the correct "equal monthly payments" to First bank Claim No. 3-1 as per the new proposed payment schedule, in the above captioned case.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent regular mail to the debtors and to all creditors and parties in interest appearing on the master address list (CM/ECF non-participants), hereby attached.

## NOTICE
You are notified that within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S.

Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 24th day of February, 2020.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTORS
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 FAX 787-746-5294
Email: rfc@rfigueroalaw.com

UNITED STATES BANKRUPTCY COURT
District of Puerto Rico, San Juan Division

In Re
HERNANDEZ ONEILL, SAUDDY NOEMI & LAUREANO COLON, JOAN

XXX-XX-1670

XXX-XX-7319

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** 02/24/2020

Case No: **19-06674 BKT**

Chapter 13

[X] Check if this is a pre-confirmation amended plan.

[ ] Check if this is a post confirmation amended plan
Proposed by:
    [ ] Debtor(s)
    [ ] Trustee
    [ ] Unsecured creditor(s)

[X] If this is an amended plan, list below the sections of the plan that have been changed.

2.1; 3.1; 3.7; 4.4; 4.6; 8.4

## PART 1 Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 237.00 | 12 | 2,844.00 | |
| 377.00 | 35 | 13,195.00 | |
| 905.00 | 13 | 11,765.00 | |
| Subtotals | 60 | 27,804.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Banco Popular de Puerto Rico | QUEBRADA ARENAS WARD R159 K20.1, TOA ALTA, PR 00953 | 423.00 Disbursed by: [ ] Trustee [X] Debtor(s) | 2,904.18 | 0.00% | ___ Months | Starting on Plan Month |
| Popular Auto | 2016 Jeep Warangler | 787.70 Distributed by: [ ] Trustee [X] Debtor | 2,477.19 | 0.00% | ___ Months | Stating on Plan Month |

*Insert additional claims as needed.*

## 3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

*Check one.*

[X] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

## 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

## 3.4 Lien Avoidance.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

## 3.5 Surrender of collateral.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## 3.6 Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.
[X] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **First Bank PR** | **$150.00** | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

## 3.7 Other secured claims modifications.

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

[X] Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| **First Bank** | **Claim No. 3-1** | **$7,040.82** | | | | | | | |
| | | [X] To be paid in full 100% | | | | | | Starting on Plan Month _ | |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ <u>199.00</u> |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ <u>3,801.00</u> |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ <u>0.00</u> |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The debtor(s) estimate the total amount of other priority claims to be **4,268.26**

| Name of Priority Creditor | Estimate Amount of Claim to be paid |
|---|---|
| Internal Revenue Service | $4,268.26 as per Claim No. 2-1 |

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

[X] The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| Firstbank Puerto Rico | Eastern America Insurance | 08/01/2020 | 45.00 | 1,755.00 |
| | | | Disbursed by:<br>[X] Trustee<br>[ ] Debtor(s) | |

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[ X ] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1 Check "None" or list the nonstandard plan provisions**

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This section modifies LBF-G, Part 3, Section 3.7: Post-confirmation payments to Firstbank PR:**
After confirmation of Plan the Trustee will pay Firstbank Puerto Rico ("Firstbank") "equal monthly payments" of $106.65 and $169.65 after month 13th of the Plan, concurrently with attorney's fees until attorney's fees are paid in full. Once the attorney's fees are paid in full the Trustee will make pro-rated payments to Firstbank, as per Section 7.2, until Firstbank's secured claim is paid in full.

*Insert additional lines as needed.*

## PART 9: Signature(s)

**/s/Roberto Figueroa Carrasquillo**
Signature of attorney of Debtor(s)
RFIGUEROA-CARRASQUILLO LAW OFFICE PSC

Date **February 24, 2020**

_____ Date

_____ Date

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing          BANCO POPULAR DE PUERTO RICO, SERVICER FOR F    ISLAND PORTFOLIO SERVICES LLC AS SERVICER OF
0104-3                                    C/O SARLAW LLC                                  PO BOX 361110
Case 19-06674-BKT13                       BANCO POPULAR CENTER, SUITE 1022                SAN JUAN, PR 00936-1110
District of Puerto Rico                   209 MUNOZ RIVERA AVE
Old San Juan                              SAN JUAN, PR 00918
Mon Feb 24 08:27:13 AST 2020

POPULAR AUTO LLC                          US Bankruptcy Court District of P.R.            BANCO POPULAR DE PUERTO RICO
PO BOX 366818                             Jose V Toledo Fed Bldg & US Courthouse          SERVICER FOR FREDDIE MAC
SAN JUAN, PR 00936-6818                   300 Recinto Sur Street, Room 109                PO BOX 362708(762)
                                          San Juan, PR 00901-1964                         SAN JUAN PR 00936-2708


Banco Popular de Puerto Rico              CICA Collection Agency, Inc                     Capital One Bank (USA), N.A.
Bankruptcy Department                     PO Box 12338                                    by American InfoSource as agent
PO Box 366818                             San Juan, PR 00914-0338                         PO Box 71083
San Juan, PR 00936-6818                                                                   Charlotte, NC 28272-1083


Citibank, N.A.                            Claro                                           DEL VALLE RODRIGUEZ LAW OFFICES PSC
5800 S Corporate Pl                       PO Box 360998                                   LCDO JOSE RAFAEL DEL VALLE RODRIGUEZ
Sioux Falls, SD 57108-5027                San Juan, PR 00936-0998                         PO BOX 10590
                                                                                          SAN JUAN, PR 00922-0590


Discover Bank                             Discover Fin Svcs LLC                           FIRST BANK
Discover Products Inc                     PO Box 15316                                    CONSUMER SERVICE CENTER
PO Box 3025                               Wilmington, DE 19850-5316                       BANKRUPTCY DIVISION -CODE 248
New Albany, OH 43054-3025                                                                 PO BOX 9146, SAN JUAN PR 00908-0146


(p)INTERNAL REVENUE SERVICE               Island Finance                                  Island Portfolio Services, LLC as servicer o
CENTRALIZED INSOLVENCY OPERATIONS         PO Box 71504                                    PO BOX 361110
PO BOX 7346                               San Juan, PR 00936-8604                         San Juan PR 00936-1110
PHILADELPHIA PA 19101-7346


(p)JEFFERSON CAPITAL SYSTEMS LLC          LVNV Funding, LLC                               MONEY EXPRESS
PO BOX 7999                               Resurgent Capital Services                      CONSUMER SERVICE CENTER
SAINT CLOUD MN 56302-7999                 PO Box 10587                                    BANKRUPTCY DIVISION (CODE 248)
                                          Greenville, SC 29603-0587                       PO BOX 9146 SAN JUAN PR 00908-0146


Money Express                             Syncb/Car Care Pep Boy                          Syncb/Jc Penney Pr
PO Box 9146                               C/o                                             PO Box 965007
San Juan, PR 00908-0146                   PO Box 965036                                   Orlando, FL 32896-5007
                                          Orlando, FL 32896-5036


Syncb/Rooms to Go                         Syncb/Walmart                                   Syncb/tjx Cos
C/o                                       PO Box 30281                                    PO Box 965015
PO Box 965036                             Salt Lake City, UT 84130-0281                   Orlando, FL 32896-5015
Orlando, FL 32896-5036


Synchrony Bank                            Thd/Cbna                                        UNIVERSIDAD CENTRAL DE BAYAMON
c/o of PRA Receivables Management, LLC    PO Box 6497                                     PO BOX 1725
PO Box 41021                              Sioux Falls, SD 57117-6497                      BAYAMON, PR 00960-1725
Norfolk, VA 23541-1021
```

| | | |
|---|---|---|
| JOAN LAUREANO COLON<br>RR6 BOX 6936<br>TOA ALTA, PR 00953-9320 | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902-3884 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 |
| ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | SAUDDY NOEMI HERNANDEZ ONEILL<br>RR6 BOX 6936<br>TOA ALTA, PR 00953-9320 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114-0326 | Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Popular Auto
PO Box 366818
San Juan, PR 00936-6818

End of Label Matrix
Mailable recipients    34
Bypassed recipients     1
Total                  35