# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **SAUDDY NOEMI HERNANDEZ ONEILL**<br>SSN xxx-xx-1670<br>**JOAN LAUREANO COLON**<br>SSN xxx-xx-7319<br>Debtor(s) | CASE NO: **19-06674-EAG**<br><br>**Chapter 13** |

## TRUSTEE'S OBJECTION TO PROPOSED POST CONFIRMATION PLAN MODIFICATION UNDER SECTION 1329

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO\***

Total Agreed: **$4,000.00**   Paid Pre-Petition: **$199.00**   Outstanding (Through the Plan): **$0.00**

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1329**

Debtor's/s' Commitment Period:  ☐ Under Median Income 36 months   ☑ Above Median Income 60 months §1325(b)(1)(B)
                                 Projected Disposable Income: **$0.00**

Liquidation Value: **$854.00**   Estimated Priority Debt: **$4,268.26**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the Proposed "PCM": Dated **12/21/2023**   (Dkt **33**)   Plan Base: **$27810.00**

**The Trustee:**   ☐ **DOES NOT OBJECT**   ☑ **OBJECTS**   Plan Confirmation   Gen. Uns. Approx. Dist.:%

The Trustee objects to confirmation for the following reasons:

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

- Unreasonable or unwarranted expenses.

Debtor income increase from the filing of the petition $1,061.00 per month, and the base of the plan was increases only an additional $6.00 , Trustee objects to such proposed plan payment and will be object to the "Motion requesting entry of order RE Ratification of the Use of Funds from 2019, 2020, 2021 and 2022 Tax Refunds "

Debtor original schedule I $2,253.00 new income $2,946.667.

Joint Debtor original schedule $1,250.22 new income $1,618.83.

Debtors income increase since 2020 and they failed to inform the same.

The courts have determined on multiple occasions that a debtor has a continuing duty to inform the court of new assets and income throughout a bankruptcy proceeding and amend schedules accordingly. In Burnes v. Pemco Aeroplex, Inc. 291, F. 3d 1282, 1286 (11th Cir. 2002), the United States Court of Appeals for the Eleventh Circuit stated, in pertinent part, as follows: "A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 USC 521(d) and 541(a)(7).

**NOTICE**
**14 day notice**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: December 28, 2023

/s/ Juliel Perez, Esq.

Last Docket Verified: 35    Last Claim Verified: 15    CMC: